[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence February 15, 1991 Date of Application February 15, 1991 Date Application Filed February 19, 1991 Date of Decision May 26, 1991
Application for review of sentence imposed by the Superior Court, Judicial District of New Haven. Docket No. CR6-325471.
Frederick P. Leaf, Esq. Defense Counsel, for Petitioner
 Robert O'Brien, Esq. Assistant State's Attorney, for the State.
BY THE DIVISION
After trial by jury petitioner was convicted of one count of conspiracy to violate the state drug and narcotics act in violation of General Statutes Sections 53a-48 (a) and21a-278 (b). As a result of such conviction, petitioner was sentenced to the custody of the commissioner of corrections for a term of fifteen years, execution suspended after thirteen years with five years probation with conditions.
Petitioner was convicted of conspiracy to violate the state drug and narcotics act as a result of police surveillance and investigation into drug sales at a location on Arch Street in New Haven.
At the hearing on this petition, the attorney representing the petitioner stated that his client was an intelligent young man, thirty years of age and the product of a broken home. It was claimed by the attorney that the sentence was disproportionately harsh. The attorney mentioned the sentences which were received by the other parties involved in the conspiracy. All of these sentences, which were the result of plea agreements, were lower than that received by petitioner. It was claimed by the attorney that petitioner was punished for going to trial and that this resulted in an inappropriate sentence.
Speaking on his own behalf petitioner stated that CT Page 6509 this sentence constituted his first time in prison and its deterrent effect was recognized. He requested a reduction.
The attorney representing the state argued against any modification. He stated that the sentence imposed was well under the maximum prescribed by statute. While admitting that the other conspirators received lesser sentences than petitioner he argued that such sentence was the reward for entering pleas. The attorney also stressed the money which petitioner gained as a result of his role in the sale of narcotic substances.
Although petitioner's coconspirators received lesser sentences than he did it is not possible to assume that their sentences, the products of plea negotiations, are the norm and that petitioner's sentence is therefore excessive.
The prime index of the gravity of a particular crime is the length of the statutorily authorized prison term that a defendant convicted of a crime may be required to serve. State v. Tucker, 219 Conn. 752, 759 (1991). The sentence imposed here was well below the maximum authorized by statute.
The sentence imposed by an experienced trial judge who has had an opportunity to observe petitioner at close hand and who heard the evidence in the case should be given considerable weight.
Here the court was required to impose sentence on a young man, of some ability, who had deliberately chosen to engage in the sale of narcotics for profit. This commerce had enabled petitioner to enjoy an elevated lifestyle. At the time of sentencing he had only a minor criminal record but serious narcotic charges were pending.
The societal damage resulting from the sale of narcotics is well known and in imposing sentence, a judge should properly consider the need to protect the public interest in this regard and to deter individuals such as petitioner from engaging in such profitable commerce.
Considering the factors enumerated in Practice Book Section 942 it cannot be found that the sentence imposed is inappropriate or disproportionate.
The sentence is affirmed.
Purtill, J. CT Page 6510 Klaczak, J. Miano, J.
Purtill, J., Klaczak, J., and Miano, J. participated in this decision.